**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J Baker, et al., | No. CV-21-00064-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Northwestern Mutual Life Insurance Company, et al., | |
| Defendants. | |

## BACKGROUND

On July 15, 2022, this Court ordered the parties to confer at least 21 days before a Scheduling Conference set for Friday, August 19, 2022. (Doc. 34.) The Court directed counsel to file with the Court, at least seven days before the scheduled conference, a Joint Report reflecting the results of their meeting and outlining the discovery plan. On August 12, 2022, Defendant filed a Joint Report Submitted by Defendant Only (Doc. 35) detailing defense counsel's unsuccessful attempts to meet and confer with Plaintiffs' counsel as required by Federal Rule of Civil Procedure 26(f) and the Court's July 15 Order.

In response, the Court issued a show cause order on August 15, 2022, vacating the scheduling conference and directing Plaintiffs to file a written memorandum within ten days showing good cause why this matter should not be dismissed for failure to prosecute. (Doc. 37.) Plaintiffs were cautioned that "failure to comply with this Order will result in the dismissal of this action without further notice from the Court." (*Id.*)

On August 25, 2022, Plaintiffs' counsel filed a Memorandum for Good Cause

(Doc. 38), explaining that he began experiencing flu-like symptoms on August 1, tested positive for Covid-19, and remained bedridden for ten days until August 12—the date the Joint Report was due. (Doc. 38 at 2.) Plaintiffs' counsel provided a photograph of several undated positive Covid-19 tests and "profusely" apologized for "the delays the past few weeks." (Docs. 38, 39.) Plaintiffs' counsel averred that he had "sent Plaintiff's initial disclosure statement and their portions of the Joint Report" to the Defendant as of the filing of the Memorandum.[1] (Doc. 38 at 2.)

Defendant filed a Response, arguing that Plaintiffs' counsel did not show good cause because he did not start experiencing symptoms until three days after the July 29 meet and confer deadline. (Doc. 41 at 2.) Defendant points out that Plaintiffs' counsel did not address why he did not initiate communications for the Joint Report, as required by the Court's July 15 Order.[2] Defendant stated that, despite Plaintiffs' counsel's assurances in his Memorandum that he had already sent portions of the joint report, Defendant did not receive Plaintiffs' portions until Monday, August 29, 2022. Plaintiffs' counsel responds that the portions of the Joint Report were "drafted and thought to have been emailed to defense counsel on August 26, 2022."[3] (Doc. 44 at 2.) This statement is highly concerning

---

[1] The Court notes that the Memorandum states: "DATED this 24th day of August, 2022," and "Original filed this 24th day of August 2022," despite the fact that the document was filed at 11:55 p.m. on August 25, just minutes before the expiration of the show cause deadline.

[2] Plaintiff's counsel explains that he did not receive an initial email from Defendant's counsel until July 29 because it was sent to a former email address. (Doc. 38 at 1.)  This excuse is unavailing in light of the Court's express direction that "it is the responsibility of Plaintiff's counsel to initiate the communication necessary to prepare the Joint Report." (Doc. 34 at 2.)

[3] Defendant's counsel received an email from Plaintiffs' counsel on Friday, August 26, 2022, at 7:36 a.m. purporting to attach Plaintiffs' sections of the Joint Report. At 8:10 a.m. Defendant's counsel replied stating that nothing was attached. (Doc. 42-2 at 4.) When Plaintiffs sent the attachment the following Monday morning, the revision timestamps on the document showed that each edit was made between 7:18 a.m. and 7:52 a.m. on August 29, 2022. (Doc. 42-2 at 25–33.) Plaintiffs assert that the "timestamp noted by defense counsel is the time stamp of the last time Plaintiffs' counsel ran the metadata scrub for the same document." (Doc. 44 at 2.) It is unclear why a single metadata scrub would result in sixty-nine separate revision timestamps documenting multiple different times.

to the Court because it contradicts the representation in Plaintiffs' Memorandum that Plaintiffs' counsel had already sent the portions of the Joint Report prior to 11:55 p.m. on August 25, 2022. Apparently, Plaintiffs' counsel did not even begin drafting those portions until the following day—or, perhaps as the revision timestamps indicate, the following Monday.

Defendant further argues that Plaintiffs have consistently shown no interest in prosecuting this matter. In addition to Plaintiffs' ongoing failure to confer for the Joint Report and timely submit input, Defendant points out that, despite three extensions of time, Plaintiffs failed to serve Defendants Dennis McEvoy and Unknown McEvoy. Nor did Plaintiffs ever respond to the Court's April 19, 2022, Order to show cause, resulting in the dismissal of the McEvoys. Defendant also notes that more than eleven months passed between Plaintiffs' last filing on September 22, 2021, and Plaintiffs' response to the present order to show cause on August 25, 2022. Defendant argues that the Court should dismiss the case under LRCiv 41.1 due to Plaintiffs' eleven months of inactivity. (Doc. 41 at 5.)

In reply, Plaintiffs offer additional reasons why the past eleven months have been "challenging": this matter involves multiple insurance policies and complicated damages, Defendant's home office has not cooperated, Plaintiffs' counsel moved offices, a partner of the firm moved out of state, Plaintiffs' counsel's mother suffers from health problems that require him to travel out of state, and Plaintiffs' counsel is still experiencing some Covid-19 symptoms. (Doc. 44 at 2.) The Reply assures the Court that "Plaintiff stands ready to prosecute this matter in accordance with the deadlines proposed by the parties." (*Id.*) On September 12, 2022, Plaintiffs filed a Joint Report. (Doc. 43.)

**DISCUSSION**

Plaintiffs have the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order." A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash*

*Railroad Co.,* 370 U.S. 626, 629-31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiffs' failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of this case. Plaintiffs' repeated failure to comply with the Court's orders delays the resolution of litigation and prevents the Court from adjudicating this case on its merits, and counsel's concerning lack of diligence conflicts with the Court's need to manage its docket.[4] First, Plaintiffs failed to respond to the Court's April 19, 2022, Order to show cause, and as a result Defendants McEvoy were dismissed. Next, Plaintiffs did not comply with the Court's July 15, 2022, Order to meet and confer and submit a timely Joint Report. Plaintiffs' Memorandum does not demonstrate good cause for that failure to comply. Plaintiffs' explanation that counsel did not receive Defendant's first email does not constitute good cause, because it was Plaintiffs' responsibility to initiate communications before the July 29 deadline to meet and confer. And, while the Court is sympathetic to the difficulties resulting from a Covid-19 infection, Plaintiffs' counsel did not begin experiencing symptoms until August 1, three days after the deadline to meet and confer.

---

[4] The Court has considered the lapse of eleven months between Plaintiffs' filings in this case but will decline to dismiss this matter pursuant to LRCiv 41.1, as Defendant requests in its Response (Doc. 41 at 5), because Plaintiffs have not received adequate notice that such action is contemplated.

Further, the Court is concerned with Plaintiffs' counsel's candor and diligence in this matter because the Memorandum for Good Cause contains misrepresentations about the status of Plaintiffs' compliance with the July 15 Order. Plaintiffs' counsel stated that portions of the Joint Report had been sent to defense counsel. (Doc. 38 at 2.) In fact, Plaintiffs' counsel had not even drafted those portions of the Joint Report at the time the Memorandum was filed. In sum, Plaintiffs' counsel's misleading statement that progress on the Joint Report had been made does not constitute good cause for failing to submit it by the August 12, 2022, deadline. The Court cannot ensure the expeditious resolution of litigation, nor appropriately manage its docket, if counsel do not provide accurate information about compliance with the Court's orders.

The third factor weighs in favor of dismissal because there is little risk of prejudice to Defendant. The fourth factor, as always, weighs against dismissal. Finally, the fifth factor requires that the Court consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication on the merits unless the dismissal order states otherwise. In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b).

Accordingly,

**IT IS ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court must enter judgment accordingly.

Dated this 30th day of September, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge